ORIGINAL

# In the United States Court of Federal Claims

No. 13-844C
(Filed: March 14, 2014)

FILED

MAR 1 4 2014

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CAROL SUE ROBERSON, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

RCFC 12(b)(1); RCFC 12(b)(6);
17 U.S.C. § 411; Copyright
Registration Before Filing Suit
Requirement; No Jurisdiction Over
Tort Claims; Contract Formation;
Pro Se Plaintiff

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Carol Sue Roberson, Alto, GA, pro se.

Meen Geu Oh, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Judge

In this action, plaintiff Carol Sue Roberson seeks to recover damages based on what she claims was a wrongful response from the Federal Trade Commission ("FTC") when she submitted an entry in an FTC-sponsored contest. Because the court lacks jurisdiction over a portion of plaintiff's complaint and because plaintiff fails to state a claim upon which relief can be granted for the remainder of the complaint, the court dismisses plaintiff's complaint.

**I. BACKGROUND**

As part of the America COMPETES Reauthorization Act of 2010, federal agencies "may carry out a program to award prizes competitively to stimulate innovation that has the potential to advance the mission of" the agency. 15 U.S.C. § 3719 (2012). The FTC took advantage of this authorization to create the "FTC Robocall Challenge," in which the public would "create innovative solutions that [would] block illegal robocalls on landlines and mobile phones." Def.'s Mot., Ex. 1 at 1 (FTC Robocall Challenge Official Rules). The agency offered a $50,000 prize to the "Best Overall Solution." Id. at 7. The FTC also outlined in its rules that, to enter the contest, a contestant needed to visit the "Robocall Challenge" website, register by providing an electronic-mail address, and submit the proposal through the website. Id. at 2-3.

Plaintiff is currently incarcerated in a Georgia state prison. In her complaint, plaintiff alleges that she became aware of the FTC's contest when she read an advertisement in the Macon Georgia Telegraph. Compl. ¶ 17. Plaintiff claims that she submitted an entry in the

competition by mailing a one-page document to the FTC's Atlanta, Georgia office, outlining what she calls in her complaint a proposal for "I.S.C.O.N. (Intelligent, [Satellites], Communications, Offensive Network)." Id. ¶¶ 11, 17. Plaintiff admits that she mailed this submission to, rather than filing it electronically with, the FTC, id. ¶ 11, and that because the FTC expected the submissions to be submitted electronically, her document was sent to the FTC's Consumer Response Center, part of the Bureau of Consumer Protection, see id. ¶ 17.[1]

Upon receipt of plaintiff's document, the FTC wrote to plaintiff notifying her that, because it was classifying her document as a consumer complaint, the document would be entered into a "Global Secure Online Publication to all global law enforcement agencies," via the FTC's online consumer complaint database.[2] See id. Plaintiff became uneasy with the inclusion of this document in the database, and wrote to the FTC to express her concern that her secret solution to blocking robocalls had been broadly published without her consent. Id. Plaintiff alleges in her complaint that when she tried to air her concerns within the Georgia prison, she was refused a grievance process. Id. ¶ 14. She alleges that "all queries, questions[, and] pleas" to defendant and the prison were "unresponsive, then legalistically diverted, and falsified, and blatantly tenacious." Id. ¶ 15.

Unhappy with the FTC's handling of the dispute, on October 28, 2013, plaintiff filed suit in this court. In her complaint, plaintiff alleges copyright infringement under 28 U.S.C. § 1498(b), a right to an accounting under 28 U.S.C. § 1494, violations of Title V of the Ethics in Government Act of 1978, 5 U.S.C. §§ 501-505, violations of the Fourth Amendment's protections against unreasonable search and seizure, violations of the Fifth Amendment's Due Process Clause, violations of unspecified individual rights reserved by the Ninth Amendment, and, impliedly, a breach of contract. See Compl. ¶¶ 2-9. Plaintiff filed a motion requesting that the court appoint counsel to represent her in this proceeding and an application to proceed in forma pauperis. Plaintiff also filed a document requesting an update on her request for appointment of counsel and on her request to file supporting evidence with the court, which the court accepted as filed on January 2, 2014.

On January 31, 2014, defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff filed a response on February 18, 2014, and defendant filed a reply on March 8, 2014. Oral argument is unnecessary.

---

[1] According to defendant, plaintiff mailed her submission "to the FTC's Southeast Regional Office in Atlanta, [Georgia], which had no involvement" with the contest, and thus defendant construed plaintiff's communication as a consumer complaint. Def.'s Mot. 2 n.3. While plaintiff argues in her response that it was clear that her mailing was a submission to the contest, the actual place where it was sent is irrelevant for the purposes of this ruling.

[2] In its motion, defendant represented to the court that the FTC has removed "all contents submitted by" plaintiff from the consumer complaint database. Def.'s Mot. 3 n.4.

2

## II. LEGAL STANDARDS

### A. Pro Se Plaintiffs

A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)). Courts have "strained [their] proper role in adversary proceedings to the limit, searching . . . to see if plaintiff has a cause of action somewhere displayed." Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Although plaintiff's pleadings are held to a less stringent standard, such leniency "with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); see also Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only."); Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) (noting that pro se plaintiffs are not excused from satisfying jurisdictional requirements), aff'd, 98 F. App'x 860 (Fed. Cir.).

### B. Subject Matter Jurisdiction

Defendant moves to dismiss plaintiff's claims for lack of jurisdiction pursuant to RCFC 12(b)(1), contending that this court lacks jurisdiction over the causes of action alleged in the complaint. Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); see also Matthews v. United States, 72 Fed. Cl. 274, 278 (2006) (subject matter jurisdiction is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case").

In ruling on a motion to dismiss, the court generally assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). However, if the defendant challenges the factual basis of the court's jurisdiction, contested allegations in the complaint are not controlling. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). The court may therefore look to evidence outside the pleadings to determine the existence of jurisdiction. Land v. Dollar, 330 U.S. 731, 735 & n.4 (1974). If the court finds that it lacks jurisdiction over a claim, the court must dismiss it. Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). The parties, or the court sua sponte, may challenge the court's subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

### C. Failure to State a Claim Upon Which Relief Can be Granted

"A complaint must be dismissed under Rule 12(b)(6) when the facts asserted do not give rise to a legal remedy." Indian Harbor Ins. Co. v. United States, 704 F.3d 949, 954 (Fed. Cir. 2013) (citing Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). "When considering an RCFC 12(b)(6) motion, the court "must determine 'whether the claimant is entitled to offer evidence to support the claims,' not whether the claimant will ultimately

prevail." Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 938 (Fed. Cir. 2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v Fitzgerald, 457 U.S. 800, 814-19 (1982)). "A motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced." RhinoCorps Co. v. United States, 87 Fed. Cl. 481, 492 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)). "Deciding whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). Neither allegations "that are 'merely consistent with' a defendant's liability," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are sufficient. Id.

"The court assumes all well-pled factual allegations are true and indulges in all reasonable inferences in favor of the nonmovant." Terry v. United States, 103 Fed. Cl. 645, 652 (2012) (citing United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. A failure to allege a cause of action upon which relief can be granted warrants a judgment on the merits rather than a dismissal for want of jurisdiction. Litecubes, LLC v. N. Light Prods., Inc., 523 F.3d 1353, 1361 (Fed. Cir. 2008).

### III. DISCUSSION

#### A. In Forma Pauperis Applications

As a threshold matter, plaintiff filed, together with her complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances. See 28 U.S.C. § 1915(a)(1) (2012); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). While the United States Court of Federal Claims ("Court of Federal Claims") is not generally considered to be a court of the United States within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be a court of the United States for the purposes of 28 U.S.C. § 1915); see also Matthews, 72 Fed. Cl. at 277-78 (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature

4

of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has met all three requirements. The court, therefore, grants plaintiff's application.[3]

## B. Jurisdiction

### 1. Review of Complaint Pursuant to 28 U.S.C. § 1915A

Section 1915A of title 28 of the United States Code requires that the court screen a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity. Id. § 1915A(a). The court must, upon review, identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1)-(2). Pursuant to section 1915A, the court has undertaken a screening review of plaintiff's complaint and, as discussed more fully below, dismisses the complaint because the allegations asserted therein are frivolous or because plaintiff fails to state a claim upon which relief may be granted.

### 2. The Court Lacks Jurisdiction Over Plaintiff's Claims Brought Under 5 U.S.C. §§ 501-505

First, the court must dismiss the claims that plaintiff brings under 5 U.S.C. §§ 501-505. The Tucker Act provides this court with "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Rather, "a plaintiff must look elsewhere for the source of substantive law on which to base a Tucker Act suit against the United States." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). This source of substantive law is termed "money-mandating." Id. A statute is money-mandating if it "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 218 (1983). Title V of the Ethics in Government Act of 1978, 5 U.S.C. §§ 501-505, does not meet this money-mandating test, as Title V only creates restrictions on outside employment and nonsalary income of federal government employees. The Act's enforcement

---

[3] Although the court grants plaintiff's application to proceed in forma pauperis, plaintiff shall be assessed, pursuant to section 1915(b)(1), an initial partial filing fee comprising twenty percent of the greater of (1) the average monthly deposits into her account, or (2) the amount representing the average monthly balance in plaintiff's account for the six-month period immediately preceding the filing of her complaint. Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to her account. The agency having custody of plaintiff's account shall forward payments from plaintiff's account to the Clerk of Court each time the account balance exceeds $10.00, and until such time as the filing fee is paid in full. See 28 U.S.C. § 1915(b).

mechanism is provided by the authorization of fines and penalties, imposed and payable to the government. See id. 503. The Act does not authorize private individuals to bring suit to enforce these restrictions if a government employee violates its provisions, much less mandate compensation to a private citizen for such violation. Id. Accordingly, the act cannot be read as being money-mandating, and consequently the court dismisses plaintiff's claims to the extent they rely upon 5 U.S.C. §§ 501-505.

### 3. The Court Lacks Jurisdiction Over Plaintiff's Claims Based on the Fourth, Fifth, and Ninth Amendments

Second, plaintiff alleges that the FTC violated the Fourth, Fifth, and Ninth Amendments in its handling and consideration of her I.S.C.O.N. submission, in its inclusion of the submission in a government consumer protection database, and in its response to her grievances. However, in order for the Court of Federal Claims to have jurisdiction, the constitutional provision upon which the claims rely must be money-mandating in that it would provide for monetary damages as a remedy for the violation. Martinez, 333 F.3d at 1302-03; James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998). The Fourth Amendment is not money-mandating. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Nor is the Fifth Amendment's Due Process Clause, upon which plaintiff also relies. James, 159 F.3d at 581. Finally, the Ninth Amendment does not provide for the payment of money damages, and thus this court lacks jurisdiction over plaintiff's claims pursuant to that Amendment. Royce v. United States, 1 Cl. Ct. 225, 226 (1982).

## C. Failure to State a Claim

Defendant has moved to dismiss all of plaintiff's claims pursuant to RCFC 12(b)(1). However, as discussed more fully below, the court clearly has jurisdiction over some of the causes of action alleged in the complaint and cannot dismiss them pursuant to RCFC 12(b)(1). In its discretion, the court may convert defendant's motion into a RCFC 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d 648, 654 (10th Cir. 2002) ("The crucial element is the subject of the motion, not whether it is labeled a Rule 12(b)(1) motion rather than a 12(b)(6)."); Fraternal Order of Police, Nat'l Labor Council, USPS No. 2 v. U.S. Postal Serv., 988 F. Supp. 701, 704 n.2 (S.D.N.Y. 1997) (converting a motion to dismiss for lack of jurisdiction to a motion to dismiss for failure to state a claim after finding there would be no prejudice to either party, given that both parties had an opportunity to be heard and brief whether they had stated a claim); see also W & D Ships Deck Works, Inc. v. United States, 39 Fed. Cl. 638, 348 (1997) (noting that sua sponte dismissal on RCFC 12(b) grounds is appropriate where "the parties were provided ample notice and opportunity to be heard"). In this instance, plaintiff filed her opposition on February 18, 2014, in which she responded to defendant's arguments that the case should be dismissed because she could not prove all elements of her causes of action.

### 1. Plaintiff Has Not Registered Her Copyright

Plaintiff alleges that the publication of her FTC contest submission in an online database amounted to copyright infringement by the government, see Compl. ¶¶ 2, 17, a claim over which this court has jurisdiction under 28 U.S.C. § 1498(b). To maintain an infringement suit,

however, a plaintiff must first satisfy a procedural prerequisite; that is, a party must register his or her copyright with the United States Copyright Office. 17 U.S.C. § 411(a). Registration is a required element that a plaintiff must prove to recover for infringement. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010); Grayton v. United States, 92 Fed. Cl. 327, 338 (2010). Nowhere in plaintiff's complaint does she allege that she has registered or followed the requirements for preregistering the copyright, and none of the exceptions to registration set forth in section 411 apply. See Reed Elsevier, 559 U.S. at 165 (explaining that there are at least three exceptions where a court has jurisdiction to decide issues of infringement despite a lack of preregistration of the copyright and enumerating them as (1) where the work is a foreign work, (2) the suit is over attribution rights or integrity under section 106A, and (3) where registration was refused). While plaintiff alleges in her complaint and response that she has suffered damages due to the placement of her submission in a government database, plaintiff is required to plead and support all elements of a cause of action. Plaintiff has not claimed that she has registered her copyright or that she is in the preregistration process. Accordingly, the court must dismiss plaintiff's copyright infringement claim for failure to state a claim upon which relief can be granted. See Hyperquest, Inc. v. N'Site Solutions, Inc., 632 F.3d 377, 381 (7th Cir. 2001) (holding that failure to register a copyright prior to filing suit requires dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted).

## 2. The Court Dismisses Plaintiff's Claims Under 28 U.S.C. § 1494

Plaintiff next alleges that defendant violated her right to an accounting under 28 U.S.C. § 1494. Section 1494 provides this court with "jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States" when (1) the claimant has applied to defendant for settlement, (2) three years has elapsed since the application without settlement, and (3) no suit has been brought elsewhere. 28 U.S.C. § 1494. Plaintiff has not alleged that she meets any of these three conditions, and indeed, she cannot. Plaintiff has not alleged that she is an officer, agent of, or contractor with the United States. The period for submission of contest entries concluded on January 17, 2013, less than one year before plaintiff filed her complaint in this court and well within the three years that must elapse between applying for settlement and bringing suit. See Def.'s Mot., Ex. 1 at 2. And, plaintiff does not claim that she has an unsettled account. Accordingly, the court must dismiss plaintiff's claims under 28 U.S.C. § 1494 for failure to state a claim upon which relief can be granted.

## 3. No Contract Was Formed

Lastly, to the extent that the plaintiff alleges that defendant is liable to her for a breach of contract, plaintiff's claim must fail. The court possesses jurisdiction under the Tucker Act for breach of contract claims, 28 U.S.C. § 1491(a)(1), and it is well settled that the Tucker Act itself is money-mandating with respect to breach of contract actions. Holmes v. United States, 657 F.3d 1303, 1313-14 (Fed. Cir. 2011). However, plaintiff fails to allege the existence of a contract between the parties. To find the existence of a contract, there must be "(1) mutuality of intent to contract; (2) consideration; (3) unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government." Flexfab, L.L.C. v. United States, 424 F.2d 1254, 1265 (Fed. Cir. 2005). Plaintiff has not alleged that

these conditions have been met with respect to her relationship with defendant. Plaintiff argues in her response that the advertisement of the contest she saw in the Macon Georgia Telegraph did not require that the entries be submitted only by electronic means, and therefore her mailing of her submission constituted an acceptance of defendant's offer to enter into a contract. Plaintiff is incorrect. The publication of an advertisement informing the public of a government contest invites offers from the public to enter the contest, the response by the entrant constitutes an offer by their conduct, and the decision by defendant to select a winning entrant and pay the award is the acceptance of the offer. See Krug v. United States, 168 F.3d 1307, 1309 (Fed. Cir. 1999) (discussing process by which a contract would be formed to award a reward when an informer submits information on a tax cheat); see also Grp. One Ltd. v. Hallmark Cards, Inc., 254 F.3d 1041, 1048 (Fed. Cir. 2001) ("[C]ontract law traditionally recognizes that mere advertising and promoting of a product may be nothing more than an invitation for offers, while responding to such an invitation may itself be an offer."). Plaintiff's purported entry must be considered the offer.

The official contest rules required all contestants to create an online account and submit their proposals through that account. Def.'s Mot., Ex. 1 at 3-4. Plaintiff did not do so. Instead she mailed her submission, and therefore no offer was actually made by plaintiff that would comply with the official contest rules. As such, defendant never accepted plaintiff's offer to enter the contest. In addition, because defendant never selected plaintiff's submission as a winning entry, the government did not accept her purported offer. Without both offer and acceptance, no contract could be formed between the parties. Accordingly, plaintiff's breach of contract claims, if any, must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Consequently, plaintiff's motions for appointment of counsel and for leave to file supporting evidence are **DENIED** as moot. In addition, the court **GRANTS** plaintiff's application to proceed in forma pauperis, but directs plaintiff to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as previously described in footnote 3. The clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge